IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

William H. Clayton,   #50184-056,           )
                                            )   Civil Action No. 3:07-1110-JFA-JRM
                    Petitioner,             )
                                            )
        vs.                                 )
                                            )   **REPORT AND RECOMMENDATION**
Donald Bauknecht, Warden,                   )
                                            )
                    Respondent.             )
                                            )
_____

        Petitioner, William Clayton ("Clayton"), filed a pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 while he was a prisoner at FCI-Williamsburg.[1]  He asserted that the

Bureau of Prisons ("BOP") wrongfully denied him the right to be confined to a Residential Reentry

Center ("RCC")[2] during the last six months of his sentence.  Respondent filed a motion to dismiss

or, in the alternative, for summary judgment on June 26, 2007.  Because Clayton was pro se, an

order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on July 2, 2007.

Clayton filed his response and a motion for summary judgment on July 2, 2007.  Respondents filed

a reply on July 17, 2007.

        Clayton was sentenced to 14 months imprisonment for conspiracy and making a false

statement to obtain a firearm on October 1, 2006.  It is the responsibility of the BOP to designate

the place of an inmate's imprisonment.  18 U.S.C. § 3621(b).  BOP is directed to allow prisoners to

reside in RCC's at the last of their sentence to allow for a period of adjustment.  18 U.S.C. §

3624(c).  Since at least 2002, BOP has changed its regulations several times in connection with

_____

        [1]Pretrial matters were automatically referred to the undersigned pursuant to Local Rule
73.02(B)(2)(c), D.S.C..

        [2]Formerly known as Community Confinement Centers ("CCC's").

placement of prisoners in RCC's.  These changes have spawned considerable litigation by inmates

seeking placement in RCC's at the earliest possible time, i.e., a full six months prior to release.  A

rule promulgated in December 2002 was attacked and invalidated because BOP did not require

consideration of the factors listed in 28 U.S.C. § 3621(b) in exercising discretionary placement of

inmates at RCC's.  The last change, and the one relevant to Clayton's case occurred in February of

2005.  The new rule, 28 C.F.R. § 570, provided BOP with discretion in RCC assignments.

> [I]n promulgating the February 2005 Rule, BOP acknowledged that it had
> discretion to place offenders sentenced to a term of imprisonment in CCCs
> before the last ten percent of their sentence, but decided to 'categorically
> exercise its discretion to limit inmates community confinement to the last ten
> percent of their sentence, not to exceed six months.'  29 Fed. Reg. at 51213.
> Thus, while the December 2002 policy is premised on a lack of discretion,
> the February Rule is based on discretion that is categorically exercised.'

Pimentel v. Gonzales, 267 F. Supp. 2d 365, 373 (E.D.N.Y. 2005).

As discussed in Respondents' memorandum, the district courts have differed in their analysis

and viability of the February 2005 rule.  Two circuit courts have found the rule invalid because the

exercise of "categorical discretion" by the BOP limits the statutory directive to individually apply

the factors set forth in 28 U.S.C. § 3621(b).  Woodall v. Federal Bureau of Prisons, 432 F.3d 235

(3d Cir. 2005) and Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006). District Courts have consistently

held BOP's interpretation of its regulation to be invalid.  See Murdock v. Gutierrez, 2007 WL

2193592 (N.D.W.Va.); Rudd v. Bauknecht, 2007 WL 2455285 (D.S.C.); Dunkley v. Hamidullah,

2007 WL 2572256 (D.S.C.); and McLean v. Bauknecht, 2007 WL 429795 (D.S.C.).

However, it appears that the relief sought by Clayton is no longer available as he has been

placed in a RCC and, eventually released.  As he is no longer in custody, his claim is now moot.

Leonard v. Hammond, 804 F.2d 838 (4th Cir. 1986).

## **Conclusion**

Based on a review of the record, the undersigned recommends that the present petition be dismissed as moot.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 1, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).